### YUELLS v. HYMAN et al.

#### (Supreme Court, Appellate Term.  November 6, 1903.)

1. ATTORNEY AND CLIENT—AGREEMENT FOR SERVICES—CONTINGENT FEES— RESCISSION OF AGREEMENT—RECOVERY OF ACTUAL VALUE.

   An attorney and client entered into an agreement whereby the former was to bring an action for the latter, and was to receive as compensation one-half of the amount realized by judgment or settlement. The action was brought, and the trial resulted in a disagreement of the jury. Thereupon the client declined to proceed further with the litigation, and refused to pay the attorney for his services, or for the disbursements in the action, which he had also agreed to pay. *Held*, that the attorney could treat the agreement as rescinded, and bring suit for the reasonable value of his services, and the amount of disbursements paid by him.

2. SAME—ACTION FOR SERVICES—PLEADING—SPECIAL AGREEMENT—FAILURE TO PROVE.

   The right of an attorney to recover the actual value of services rendered by him is not affected by his pleading an agreement on the part of the client to pay a particular sum, even though he fails to prove the existence of such an agreement.

¶ 1. See Attorney and Client, vol. 5, Cent. Dig. § 354.

Appeal from City Court of New York.

Action by Eugene I. Yuells against Carl Hyman and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

M. H. Haymen, for appellants.

E. I. Yuells, in pro. per.

BLANCHARD, J. This action was brought to recover the value of services rendered by the plaintiff, as an attorney and counselor at law, to the defendants, and also to recover the amount of certain disbursements made by the plaintiff in connection with said services. The complaint alleges that the services were reasonably worth the sum of $350, and that the defendants agreed to pay that sum, as well as the amount of the disbursements. The services were rendered and the disbursements made pursuant to a written agreement between the parties, the terms of which are as follows:

"I hereby authorize Mr. Eugene I. Yuells to bring an action for breach of contract against the Bay State Clothing Co. of No. 88 East 9th Street in this City, and agree to pay to him one half of the proceeds thereof either by judgment or by settlement besides the costs and the disbursements of this action."
                                        "Hyman & Sollito, C. Hyman."

The plaintiff brought the action mentioned in the agreement, and the same was brought to trial, which resulted in a disagreement of the jury. The defendants then declined to proceed further with the litigation, and refused to pay the plaintiff the amount claimed by him for his services and disbursements in the action. The plaintiff was prevented from completing the agreement by the act of the defendants. He had therefore the right to treat the agreement as rescinded, and to bring this action. Nor does the fact that he has pleaded that the defendants agreed to pay the particular sum of $350 for the services affect his right to recover their actual value, even though he failed to prove the existence of such an agreement. Goetz v. Van Au, 12 Civ. Proc. R. 104.

The question as to the value of the plaintiff's services was properly submitted to the jury, and an examination of the defendants' exceptions does not disclose any error which calls for a reversal. The judgment therefore must be affirmed, with costs. All concur.